IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MABLE LEE RAHMAN EL,

   Plaintiff,

v.                                        Civil Action No.:  DKC-21-3088

MARGARET SLAUGHTER,

   Defendant.

**MEMORANDUM OPINION**

Plaintiff filed documents which were construed as a civil complaint on December 2, 2021. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF Nos. 1-2. Based on the information submitted by Plaintiff, she appears to be indigent, therefore the motion shall be granted. However, the complaint does not state a claim and will be dismissed.

The documents filed by Plaintiff include a complaint form used in the District Court of Maryland in which Plaintiff checked a box indicating a contract cause of action. ECF No. 1. No other relevant details are included. Additionally, Plaintiff filed copies of invoices from "Specialty Services" addressed to Defendant for "as per our verbal agreement 3% of proceeds for consultation regarding property." ECF No. 1-1 at 1-3. The invoices include Plaintiff's name and address. *Id*. Plaintiff also attaches a copy of documents titled "Notice of Intent to Lien" and "Notice of Default" addressed to Defendant. ECF No. 1-1 at 4-8. The Notices reference the "Moorish National Republic Federal Government."[1]  *Id*. Liberally construed, it appears that Plaintiff claims that

---

[1] The American Moorish and Sovereign Citizen movements have been uniformly rejected as legally frivolous by this and other courts across the country. "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011); *see El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 540-548 (D. N.J. 2011) (describing interplay of Moorish-American and Sovereign Citizen

Defendant breached a contract for her consultation services. However, nowhere in these documents does Plaintiff state a cognizable claim or basis for this court's jurisdiction.

Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold

---

movements and holding plaintiff's reliance on Treaty with Morocco, or "Treaty of Peace and Friendship 1787" in civil suit raising claims against bank in order to assert interest in real property facially frivolous); *United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (describing "flesh and blood defense" and its anti-government roots); *see also United States v. Singleton*, 2004 WL 1102322, *3 (N.D.Ill. May 7, 2004) (denying motion to dismiss for lack of jurisdiction based on argument that defendant was "a flesh and blood man."); *United States v. Secretary of Kansas*, 2003 WL 22472226 (D.Kan. Oct. 30, 2003) (criminal defendant who filed a lien against property owned by federal judge sought dismissal of injunctive action filed by United States because he was "a flesh and blood man."); *Reeves v. United States,* 105 F.3d 621 (Fed.Cir.1997) (describing an attempt to avoid payment of federal income taxes); *United States v. Schneider,* 910 F.2d 1569 (7th Cir.1990) (describing an attempt to present a defense in a criminal trial); *Bryant v. Wash. Mut. Bank,* 524 F.Supp.2d 753 (W.D.Va.2007) (describing an attempt to satisfy a mortgage).

the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

District courts are of limited jurisdiction, hearing cases or controversies as established by federal statute. Specifically, the court retains jurisdiction (1) over civil actions that arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc*., 545 U.S. 546, 552 (2005) (federal question jurisdiction); or where parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C § 1332 (diversity jurisdiction)*; Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957).  Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Cor*p*.,* 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Turning first to whether the complaint makes plausible the existence of federal question jurisdiction, the court finds that it does not. Plaintiff and Defendant are private citizens and the dispute appears to arise over a contract dispute between them. Plaintiff has not identified any federal cause of action, and the court can discern none from the documents presented.

Nor does the complaint demonstrate the existence of diversity jurisdiction.  Plaintiff and Defendant are citizens of Maryland and the amount in controversy appears to be less than $75,000.  As such, the complaint does not establish that this court has diversity jurisdiction.

Without a jurisdictional basis for suit in federal court, Plaintiff's claims are factually and legally without merit.  The federal rules require dismissal anytime there is a determination that there is no jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Dismissal is appropriate here, given the lack of federal subject-matter jurisdiction.

A separate order follows.

December 27, 2021

/s/
DEBORAH K. CHASANOW
United States District Judge